UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

RICKY L. BURNETT,                    )
        Plaintiff,                    )
                           )
     vs.                    )          1:07-cv-1069-SEB-WTL
                           )
UNITED STATES OF AMERICA,             )
        Defendant.                    )

**ENTRY GRANTING DEFENDANT'S MOTION TO DISMISS**

This case is before the Court on the Motion to Dismiss and Alternative Motion for

Summary Judgment [Docket No. 10] filed by Defendant, the United States of America,

pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1] Plaintiff, Ricky

Burnett, brought this suit against Philip J. Kirby and the United States Postal Service

("USPS") after a USPS vehicle driven by Mr. Kirby caused Mr. Burnett to swerve off the

road and crash his own vehicle.  The United States asserts that this court lacks subject-

---

[1] Also before us is Defendant's Motion to Dismiss Federal Employee Philip Kirby, whom
the original complaint named as a defendant, along with the United States Postal Service.
[Docket No. 8.]  However, given that we shall herein grant the United States's Motion to
Dismiss the case in its entirety, the dismissal of Federal Employee Philip Kirby is
inconsequential. It is nonetheless noteworthy that the facts of this case warrant the dismissal of
Mr. Kirby regardless of the outcome of the subsequently filed Motion to Dismiss the case. The
parties do not dispute that Mr. Kirby was acting within the scope of his employment when the
accident occurred, nor that a civil action arising out of such an incident shall be deemed an
action against the United States pursuant to the Federal Employees Liability Reform and Tort
Compensation Act, 28 U.S.C. §2679(d); [Docket No. 8.] Thus, irrespective of the outcome of the
case itself, we GRANT the United States's Motion to Dismiss Mr. Kirby and hereafter recognize
the United States as the sole defendant in this action.

matter jurisdiction over this suit because Mr. Burnett failed to comply with Sections 2401(b) and 2675(a) of the Federal Tort Claims Act ("FTCA"), the latter of which requires that a plaintiff file an administrative claim and wait six months before filing a complaint in federal court, and the former of which requires that said claim be filed within two years of the concerned accident.  Def.'s Br. at 1; 28 U.S.C. §§ 2401(b) and 2675(a).  For the reasons detailed in this entry, we <u>GRANT</u> the United States's Motion to Dismiss.[2]

## I. Factual and Procedural Background

On August 22, 2005, Plaintiff, Ricky L. Burnett, was involved in a two-car accident with Defendant, Phillip Kirby, who was operating a motor vehicle within the scope of his employment of the USPS, on County Road 750 North in Henry County, Indiana. Compl. ¶¶ 6-7.  According to the Complaint, Mr. Kirby was negligent in operating his vehicle, causing the Plaintiff to swerve off the roadway.[3]  Compl. ¶¶ 7-8**.**

---

[2] The United States, in proffering its Motion to Dismiss and Alternative Motion for Summary Judgment, asserts that even if we deny its Motion to Dismiss, Summary Judgment should be granted  on the ground that there are no issues of material fact in dispute.  Def.'s Br. at 4.  Given that Defendant prevails on its Motion to Dismiss, we will not address the Alternative Motion for Summary Judgment.

[3] Mr. Burnett argues that on or about August 21, 2007, the same day he filed his Complaint in federal court, he sent by certified mail a notice of tort claim to the National Tort Center, USPS in St. Louis, Missouri, which was received by that office on August 24, 2007. However, Mr. Burnett's argument does not change the outcome of the case and so will not be addressed here. Even if, pursuant to § 2401(b) of the FTCA, Mr. Burnett sent a claim to the federal agency within two years of his accident, his non-compliance with § 2675(a) (detailed below) is dispositive as it is a jurisdictional prerequisite for any action brought under the FTCA.

Mr. Burnett claims that, as a result of the accident, he suffered severe physical injuries and incurred other monetary and emotional damages. Compl. ¶¶ 9-13.

On August 21, 2007, Mr. Burnett filed a tort action in this court against Phillip J. Kirby and the United States of America alleging negligence on the part of Mr. Kirby. [Docket No. 1.]  Mr. Burnett did not file an administrative tort claim notice of any kind before August 24, 2007.  Declaration of William Lohrman ¶ 3.  At the time of the accident, Plaintiff did not know, or have any reason to know, that Mr. Kirby was an employee of the federal government. However, several days thereafter it came to his attention that, at the time of the accident, Mr. Kirby was acting within the scope of his employment with the USPS. Compl. ¶ 3.  On October 30, 2007, the USPS denied Plaintiff's claim.  Pl.'s Resp. at 5.

On November 7, 2007, Defendant filed a Motion to Dismiss and Alternative Motion for Summary Judgment alleging that Plaintiff failed to exhaust his administrative remedies under the FTCA and is therefore barred from bringing this action. [Docket No. 10.]  Specifically, the government argues that Mr. Burnett's complaint must be dismissed because the Court lacks subject matter jurisdiction to entertain the suit, pursuant to Sections 2410(b) and 2675(a) of the FTCA.   Def.'s Br. at 1.

On January 8, 2008, Mr. Burnett filed a response, arguing alternatively that he did timely file his administrative claim by virtue of having sent it within the two-year time-frame, and/or that his lack of awareness of Mr. Kirby's federal employment status until several days after the accident entitles him to amend his complaint to comport with FTCA

3

filing provisions rather than incur a dismissal. [Docket No. 14.]

## II.  Legal Analysis

The FTCA expressly defines and limits federal courts' jurisdiction in tort actions brought against the United States, its agencies, and its employees.  Deloria v. Veterans Admin., 927 F.2d 1009, 1011 (7th Cir. 1991).  Section 2675(a) of the FTCA delineates guidelines for filing a complaint under the Act, requiring that such a complaint be filed only after the federal agency involved has the opportunity to review and adjudicate the claim.  28 U.S.C. § 2675(a).  Section 2401(b) of the FTCA further requires that such an administrative tort claim notice be presented to the federal agency within two years of the time the original accident occurs. 28 U.S.C. § 2401(b); Green v. United States, 765 F.2d 105, 107 (7th Cir. 1985).  Adherence to these Sections of the FTCA by the plaintiff is a jurisdictional prerequisite in any federal court action.  Deloria, 927 F.2d at 1011.   The undisputed evidence reveals that Mr. Burnett failed to comply with either of these Sections, thereby precluding this court from exercising jurisdiction over his suit.

## A. Failure to Comply with Section 2675(a)

First, Mr. Burnett failed to comply with Section 2675(a) of the FTCA.  Section 2675(a) requires that, before a complaint is filed in federal court, an administrative claim must be presented to the concerned federal agency (here, the USPS) and be denied by said agency, or be deemed to be denied after the expiration of a six-month adjudicatory period.

28 U.S.C. § 2675(a); <u>McNeil v. United States</u>, 508 U.S. 106 (1993); <u>Richardson v. United States</u>, 831 F. Supp. 657, 661 (N.D. Ind. 1993); <u>Miller v. United States Postal Service</u>, 815 F. Supp. 1195, 1201 (S.D. Ind. 1993).  Specifically, § 2675(a) reads:

> An action shall not be instituted against the United States for money damages for injury or loss of property or personal injury...unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of the agency to make a final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section...

Mr. Burnett filed his complaint in federal court on August 21, 2007, three days before filing his administrative claim. [Docket No. 1]; Decl. of William Lohrman at ¶ 3. Thus, he did not wait the stipulated period of time for the USPS either to deny his claim or for the six-month adjudicatory period to expire.[4]  By failing to allow the requisite time for agency review of his administrative claim, Mr. Burnett violated the express terms of § 2675(a) in filing his FTCA action in federal court.  Again, because compliance with § 2675(a) of the FTCA is a jurisdictional prerequisite in tort cases brought under the Act, Mr. Burnett's non-compliance with the provision precludes this court from exercising subject-matter jurisdiction over his suit.

---

[4] Mr. Burnett admits to the untimely filing of his complaint but argues in his Response to the United States's motion that the date of his complaint can lawfully be amended to comport with this statutory requirement, whereby the action should not be dismissed.  We will address this argument, and ultimately reject it, in Section B below.

**B. Failure to Comply with Section 2401(b)**

Although his non-compliance with FTCA § 2675(a) alone is dispositive, Mr. Burnett also failed to comply with Section 2401(b), which requires that an administrative claim be filed within two years of the accident.  28 U.S.C. § 2401(b).  As the undisputed facts outlined above indicate, Mr. Burnett filed an administrative claim regarding his August 22, 2005, accident on August 24, 2007.  Compl. ¶ 4.  Nevertheless, Mr. Burnett argues that insofar as he mailed his claim to the agency within the stipulated time-frame (i.e., on August 21, 2007), he did in fact comply with the requirement of Section 2401(b) to present a claim to the proper agency within two years of the time the accident accrues.  If this is the case, Mr. Burnett argues, he would be entitled to amend the date of his untimely filed complaint to comport with the requirement for agency review expressed in § 2675(a), in accordance with the Federal Rules of Civil Procedure.[5]

As Mr. Burnett contends, the accident occurred on August 22, 2005, and he did not file an administrative tort claim notice with the agency until Friday, August 24, 2007, two years and two days later.  Compl. ¶ 4; [Docket No. 1].  Nevertheless, he alleges that he *sent* his claim to the USPS within the requisite two year period.  Although potentially true, Mr. Burnett's having sent the claim within the two-year time-frame has no bearing on his violation of § 2401(b).  According to the FTCA, a tort claim must be *presented* in writing to the appropriate federal agency within two years after the claim accrues.  28 U.S.C. § 2401(b).  Pursuant to Department of Justice regulations defining "claim

---

[5] As we explain below, this argument is flawed not only because Mr. Burnett ultimately did not comply with § 2401(b), but also because, even if he had, he would not have been entitled to amend his complaint, pursuant to the explicit statutory command of § 2675(a).  See McNeil v. United States, 508 U.S. 106, 106 (1993).

presentment," a claim "shall be deemed to have been presented when a Federal agency *receives* from a claimant [or his representative] an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident[.]"  28 C.F.R. § 14.2(a) (emphasis added).  As such, even if Mr. Burnett sent his claim to the USPS, he did not meet the statutory requirements involving claim presentment within the two-year time-frame in so doing.  Proper claim presentment is a jurisdictional prerequisite to suit, such that non-compliance compels dismissal for lack of subject matter jurisdiction.  See Wakley v. National Credit Union Admin., 2007 WL 2932015, at *1 (7th Cir. Oct. 9, 2007).

## C. § 2675(a)  Explicitly Precludes Amendment of Complaint

Mr. Burnett concedes that he filed his complaint prematurely under 28 U.S.C. § 2675(a), due to a failure either to receive a denial from the appropriate administrative agency or to wait the required six months after filing the claim.  Pl.'s Resp. at 2. However, he contends that his complaint may be re-filed or amended to change the filing date, as long as he satisfies the two-year filing requirement expressed in § 2401(b).  Pl.'s Br. at 3-4.  On this line of argument, Mr. Burnett asserts that his ignorance of Mr. Kirby's government employment at the time of the accident entitles him to an extension of the two-year statute of limitations provided for in § 2401(b), whereby he can amend his complaint to comport with the filing of the administrative claim so as to prevent its dismissal.  This line of argument likewise fails to insulate the suit from jurisdictional

7

dismissal.

The Seventh Circuit has characterized the provisions of 28 U.S.C. § 2401(b) as being a statute of limitations, any exception to which the plaintiff has the burden of establishing as an affirmative defense. McCall v. United States, 310 F.3d 984, 987 (7th Cir. 2002).  As such, Mr. Burnett has the burden of showing that some form of tolling applies if the accident accrued more than two years before he presented his administrative claim.  Mr. Burnett asserts that, under Drazan v. United States, 762 F.2d 56, 58 (7th Cir. 1985), the FTCA's statute of limitations, as expressed by § 2401(b), "begins to run either when the government cause [of an accident] is known or when a reasonably diligent person reacting to any suspicious circumstances of which he might have been aware would have discovered the government cause."  Id. at 59; Pl.'s Resp. at 3.  Accordingly, he claims that although his injury occurred and its general causes were known on August 22, 2007, he did not know or have reason to know about the government's involvement at that time because the vehicle Mr. Kirby was driving (albeit within the scope of his employment by the federal government) appeared to Mr. Burnett to be a vehicle intended for personal use.  Since he did not know or have reason to know until "several days after" the accident that the USPS vehicle was driven by a federal USPS employee, Mr. Burnett asserts, the limitation period barring the filing of his administrative claim did not begin to run until several days after August 22, 2005.  Pl.'s Resp. at 4.  Taking these facts as true, the August 24, 2007, filing date of Mr. Burnett's administrative claim would have been fewer than two years after he had learned that Mr. Kirby was acting in his capacity as a

8

United States employee at the time of the accident, and therefore in accordance within the two-year imitations period required by 28 U.S.C. § 2401(b).

Mr. Burnett asserts that although he filed his complaint in violation of § 2675(a), as he neither received a denial from the agency nor waited the requisite six months after having filed his administrative claim, his compliance with the two-year requirement nonetheless renders him able either to re-file or to amend his complaint to comply with § 2675(a) in accordance with the Federal Rules of Civil Procedure.  Pl.'s Resp. at 3; Drazan v. United States, 762 F.2d at 58.  In Drazan, the Court's dictum suggests that, if a suit is filed prematurely under the FTCA, as it was here, the date of the complaint may be amended to comport with the filing of the administrative claim.  Id.  Although Mr. Burnett's case was premature at the time of filing, Mr. Burnett was issued a denial by the USPS on October 30, 2007, while his federal claim was pending.  Pl.'s Resp. at 5.  Mr. Burnett thus argues that he may amend his complaint so that it does not violate § 2675(a) because he had exhausted his administrative remedies before a substantial amount of the litigation had occurred.  Pl.'s Br. at 5; see Drazan at 58.        However, Mr. Burnett's contention that amendment of the complaint could be an alternative here contradicts the Supreme Court's more recent holding in McNeil v. United States, which states that the FTCA requirement that administrative remedies be exhausted before bringing suit was not satisfied by receipt of agency rejection of a claim occurring after commencement of suit, even if it was before any substantial progress had taken place in the litigation. McNeil at 106.  The McNeil decision, which Judge Hamilton of our court recently applied in  Seagrave v. United States, holds that where an action is filed against the United States without having satisfied a jurisdictional claims process, and where that claims process is

9

completed during the pendency of the suit, or in this case after the suit is filed, the suit

may not continue or be re-opened, but a new suit must be filed.   Seagrave v. United

States, 2005 U.S.Dist. LEXIS 8105 (S.D. Ind. 2005)(Hamilton, J.).  More directly, these

cases proclaim that, pursuant to the express language of § 2675(a), no  FTCA action may

be maintained when the claimant fails to exhaust his administrative remedies *prior* to

filing suit, even if he files a claim before substantial progress was made in the litigation.

McNeil at 109 (emphasis added).  Under McNeil and Seagrave, the unambiguous text of

Section 2675(a), requiring that an "action shall not be instituted ... unless the claimant

shall have first presented the claim to the appropriate ... agency and his claim shall have

been finally denied by the agency," compels us to reject Mr. Burnett's contention that his

action can be amended to comply with the date stipulated on the administrative claim.  As

in McNeil, Mr. Burnett's complaint here was filed prior to the presentment of his

administrative claim to the USPS or a final denial by that agency.  His argument that he

should be given an opportunity to amend his complaint, contingent on his compliance

with the § 2401(b) two year-requirement, contradicts the explicit statutory language of §

2675(a), which bars him from so doing.


**IV. Conclusion**

        Mr. Burnett's failure to comply with either Section 2675(a) or Section 2401(b) of

the FTCA precludes this court from exercising jurisdiction over his lawsuit.  Furthermore,

Mr. Burnett may not amend his complaint to comport with the statutory requirement

expressed in Section 2675(a) based on his presumptive compliance with Section 2401(b).

10

The United States's motion to dismiss Mr. Burnett's complaint must therefore be and is hereby <u>GRANTED</u>.  Final judgment shall enter accordingly.

IT IS SO ORDERED.

Date: 06/17/2008

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Charles R. Clark

BEASLEY & GILKISON LLP

braun@beasleylaw.com

Jeffrey L. Hunter

UNITED STATES ATTORNEY'S OFFICE

jeff.hunter@usdoj.gov